**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

MICHAEL PAUL MCDANIEL,          :
                                :
     Plaintiff,                 :
                                :
     v.                         :   CIVIL ACTION NO. 04-0008 (MLC)
                                :
DEPARTMENT OF CORRECTIONS,      :        MEMORANDUM OPINION
STATE OF NEW JERSEY, et al.,    :
                                :
     Defendants.                :
_____:
```

**COOPER, District Judge**

Plaintiff pro se, Michael Paul McDaniel, presently an inmate at New Jersey State Prison ("NJSP"), seeks to bring this action pursuant to 42 U.S.C. § ("Section") 1983.  Based on plaintiff's affidavit of indigence and trust account statement, the Court will (1) grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and (2) order the Clerk of the Court to file the complaint without prepayment of fees.

The Court at this time must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.  The Court, for the reasons stated infra, will dismiss the complaint as moot to the extent that plaintiff seeks interim relief and for failure to state a claim to the extent that plaintiff seeks non-interim relief under Section 1983.

## **PLAINTIFF'S ALLEGATIONS**

The Court, for purposes of screening plaintiff's complaint, takes the allegations pled therein as true. The complaint will be liberally construed because plaintiff is proceeding pro se. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

Plaintiff, formerly an inmate at Northern State Prison ("NSP"), contends that Department of Corrections personnel employed at NSP — Frank Pedalino, Chairperson of the Security Threat Group Management Unit ("STGMU"), Lieutenant Graham, and Lydell B. Sherrer, Administrator of NSP, (collectively "defendants") — kept him in the STGMU despite knowing that he was not affiliated with any gang thereby placing him in great physical harm and endangering his life. (Compl. at ¶ 4.) Plaintiff also alleges that the defendants did not give him an opportunity to hire private counsel to investigate and prove that he is not a gang-member. (Id.) Plaintiff asserts that defendants' conduct violated his due process rights under the Fourteenth Amendment to the United States Constitution and right to free speech under the First Amendment. (Id. at "Statement of Claims".) Plaintiff seeks relief in the form of a hearing before a judge where he may prove that he is not a member of a gang and seeks transfer out of the STGMU or to another prison facility. (Id. at ¶ 7.)

**DISCUSSION**

I.  Legal Standard

The in forma pauperis statute, as amended by the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a government employee or agency.  See 28 U.S.C. § 1915A(a).  The statute requires the Court to review the complaint to identify cognizable claims and to summarily dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).

A claim is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A court may dismiss a claim as factually frivolous if "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional."  Denton v. Hernandez, 504 U.S. 25, 33 (1992) (citations and quotations omitted).  A court may dismiss a complaint for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

II. <u>Section 1983</u>

As plaintiff seeks relief under Section 1983, his complaint will only survive this screening phase if it properly alleges violations of that statute.

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

42 U.S.C. § 1983. "By its own terms, the statute does not create substantive rights. Instead, it only provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws." <u>Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.</u>, 318 F.3d 473, 477 (3d Cir. 2003). To state a claim upon which relief can be granted plaintiff, therefore, must allege that defendants, "act[ing] under color of state law," deprived him of rights guaranteed by the Constitution or federal law. <u>Dennison v. Pa. Dep't of Corr.</u>, 268 F. Supp.2d 387, 396 (M.D. Pa. 2003).

III. <u>Analysis</u>

The Court will dismiss the complaint as moot to the extent that plaintiff seeks interim relief in the form of a transfer to another prison because plaintiff, since filing the complaint, has

been transferred from NSP to NJSP. The Court also will dismiss the complaint for failure to state a claim, to the extent that plaintiff seeks non-interim relief under Section 1983, because plaintiff has no protected liberty interest.

The Due Process Clause of the Fourteenth Amendment provides in pertinent part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The first step in analyzing a due process claim "is to determine whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). Only if the answer is yes is the second step, i.e., determining what process is due, necessary. See id.

Liberty interests protected by the Fourteenth Amendment may arise under the Due Process Clause itself or may be created by state statutory or regulatory law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner," however. Sandin v. Conner, 515 U.S. 472, 478 (1995). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to

judicial oversight." Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citation omitted). Plaintiff makes no allegation that his confinement in the STGMU exceeds the sentence imposed upon him or that his confinement otherwise violates the Constitution. See Hewitt, 459 U.S. at 468 ("It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.").

Plaintiff, therefore, has no liberty interest arising by force of the Due Process Clause itself in not being confined in the SGTMU, in not remaining in the general population, or in not being transferred to another prison facility. See Fraise, 283 F.3d at 522-23 (finding confinement in the STGMU did not deprive inmates of a protected liberty interest). See also Hewitt, 459 U.S. 460 at 466-67 (no protected liberty interest in being confined in the general prison population); Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983) (no protected liberty interest in transfer to another prison); Meachum v. Fano, 427 U.S. 215, 225 (1976) ("[T]he Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system."); Torres v. Fauver, 292 F.3d at 141, 150-51 (3d Cir. 2002) (prisoner has no protected liberty interest in not being placed in administrative segregation and disciplinary confinement).

6

Plaintiff also has no state-created liberty interest.  The state may create a protected liberty interest by the use of mandatory language in a statute or regulation.  See Torres, 292 F.3d at 151.  The standards considered by a court in determining whether a prisoner has been deprived of a state-created liberty interest

> are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  In ascertaining whether something is an 'atypical and significant' hardship, we must consider 'what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'

Fraise, 283 F.3d at 522-23 (citations omitted).  Plaintiff's confinement in the STGMU does not violate this standard.  See id. (holding that plaintiffs' due process claim must fail because inmates' "transfer to the STGMU does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life").  The Court, therefore, will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted because plaintiff has no protected liberty interest in not being confined in the STGMU.

## **CONCLUSION**

Plaintiff brings a Section 1983 action, and seeks to proceed in forma pauperis.  The Court will grant in forma pauperis status

7

and direct the Clerk of the Court to file the complaint without prepayment of fees.  The Court, exercising our screening function pursuant to Sections 1915(e)(2) and 1915A, for the reasons stated supra, will dismiss the complaint insofar as it alleges causes of action against all named defendants.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge